IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2003 Session

## JAMES S. JORDAN, JR. v. KELLY K. JORDAN

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT-007590-01    The Honorable Rita L. Stotts, Judge**

---

**No. W2002-00854-COA-R3-CV - Filed February 19, 2003**

---

This case involves the enrollment of a foreign divorce decree, enforcement of the child support obligation therein, and the modification of the visitation privileges set out in the decree. The trial court enrolled the foreign decree, entered judgment for arrearages and child support, and amended the enrolled judgment as to the visitation privileges for Father. Father appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

Richard A. Gordan, Memphis, For Appellant, James S. Jordan, Jr.

Mitchell D. Moskovitz, Adam N. Cohen, Memphis, For Appellee, Kelly K. Jordan

#### OPINION

On June 2, 1999, Kelly K. Jordan ("Ms. Jordan," "Appellee," or "Mother") and James S. Jordan, Jr. ("Mr. Jordan," "Appellant," or "Father") were divorced by decree of the Circuit Court of Mobile County, Alabama. Ms. Jordan was granted "custody, physical care, and control" of the parties' two children, Jocelynn Jordan (d/o/b April 20, 1995)[1] and Presleigh Jordan (d/o/b December 22, 1997). Mr. Jordan was given visitation rights and ordered to pay $898.00 per month in child support. Mr. Jordan was also ordered to reimburse Ms. Jordan for one-half of the children's uninsured medical expenses, and to pay for one-half of the children's schooling expenses.

On February 14, 2001, Ms. Jordan and the two children moved from Mobile County, Alabama to Shelby County, Tennessee. Sometime in early 2001, Mr. Jordan was laid off by his Alabama employer. On or about June 1, 2001, Mr. Jordan accepted a position in Shrewsbury, Massachusetts.

---

[1] Mr. Jordan is not the natural father of Jocelynn Jordan. Mr. Jordan is aware of this fact. However, Mr. Jordan's name is listed on the child's birth certificate and he has executed an Affidavit of Paternity, under oath, affirming that he is the father of Jocelynn.

On December 20, 2001, Ms. Jordan filed a Petition to Enroll Foreign Decree of Divorce and for Civil Contempt (the "First Petition") in the Circuit Court for the Thirtieth Judicial District at Memphis. On January 25, 2002, Ms. Jordan filed an Amended Petition to Modify Final Decree of Divorce and for Injunctive Relief and to Place File Under Seal (the "Second Petition"). The Second Petition reads, in pertinent part, as follows:

> 4. Mother alleges that there presently exists a substantial and material change in circumstances such that the visitation awarded to Father in the parties' Final Decree of Divorce be modified. Specifically, Mother alleges that Father relocated to Shrewsbury, Massachusetts in May of 2001, and that he currently resides with his paramour...
>
> 5. Mother alleges that, due to Father's relocation, his failure to exercise parenting time and Father's recent threats, the visitation schedule set forth in the parties' Final Decree is no longer in the best interests of the parties' minor children.
>
> 6. Mother alleges that this Honorable Court should modify the Final Decree of Divorce to set a specific visitation schedule determined to be in the manifest best interest of the parties' minor children, and that any visitation awarded be supervised, and occur in Shelby County, Tennessee.
>
> 7. After Father was served with Mother's Petition to Enroll Foreign Decree of Divorce and for Civil Contempt, Father left message on Mother's answering machine, acknowledging that he had an $18,000 arrearage owing to Mother. Father further threatened to utilize "half" of that money to pay a private investigator to track down the natural father of the parties' oldest child. Mother alleges that said individual has a history of physical abuse towards Mother.

On January 25, 2002, the trial court issued an Ex Parte Order of Protection against Mr. Jordan. The matter was set for hearing on February 8, 2002. At that hearing, Ms. Jordan testified as to the nature of her relationship with Jocelynn's natural father and of the need for the court to issue an injunction to enjoin Mr. Jordan from contacting this man and discussing anything about the children or Ms. Jordan. Richard A. Gordon made a special appearance on behalf of Mr. Jordan. Before any cross-examination of Ms. Jordan could occur, the court cautioned Mr. Gordon as follows: "Well, I [the Court] think if you [Mr. Gordan] were to ask her [Ms. Jordan] anything other than something going to jurisdiction that you would be waiving it." Upon that recommendation, Mr. Gordon asked no questions. On February 28, 2002, the trial court entered an order styled Order Injunctive Relief; Continuance; and Placing File under Seal.

On March 8, 2002, Ms. Jordan filed an Amended Petition (the "Third Petition"). The Third Petition specifically alleged that the trial court had personal jurisdiction over Mr. Jordan pursuant

to T.C.A. § 36-5-2201 and/or T.C.A. § 20-2-214, and that the court had proper jurisdiction in all respects under T.C.A. § 36-6-201 et seq.

By special appearance of his attorney, Mr. Jordan filed a Motion to dismiss the First Petition on March 8, 2002. Also by special appearance, Mr. Jordan filed Responses to the First Petition and the Second Petition.

The matter was set for hearing on March 12, 2002. Mr. Jordan made a motion to bifurcate the hearing, separating consideration on the issue of jurisdiction from consideration on the merits. At the March 8, 2002 hearing, the court denied Mr. Jordan's motion to bifurcate. An Order on the Motion to Bifurcate was entered on March 28, 2002.

Before the hearing on March 12, 2002, Mr. Jordan filed a Motion to dismiss the Second and Third Petitions for lack of jurisdiction. At the hearing, Mr. Gordon again declined to cross-examine Ms. Jordan for fear of waiving Mr. Jordan's objection to the court's having personal jurisdiction. Following the hearing, the trial court granted the relief sought in all of Ms. Jordan's petitions. On March 28, 2002, the court entered an Order of Protection against Mr. Jordan and an Order granting Ms. Jordan's petitions (the "Final Order"). The Final Order reads, in pertinent part, as follows:

> 2. Father's Motion to Dismiss for lack of personal jurisdiction shall be and hereby is denied. This Honorable Court specifically finds that it has proper subject matter and personal jurisdiction to adjudicate all claims before it.
>
> 3. The Final Decree of Divorce heretofore entered by the Circuit Court of Mobile County, Alabama, shall be and hereby is registered and enrolled for all purposes.
>
> 4. Father is in willful contempt of Court for failure to pay child support in accordance with the Final Decree of Divorce, and for failure to reimburse Mother for extracurricular activity fees, private school, and other related expenses, in the total amount of $19,161. Said sum shall be reduced to judgment, for all of which execution shall issue if necessary.
>
> 5. The Final Decree of Divorce shall be modified to reflect that Father's parenting time with the parties' minor children shall occur only in Shelby County, Tennessee, and that same be supervised. Pending further orders of the Court, Father shall be entitled to supervised parenting time at the Exchange Club of Memphis one (1) weekend per month from 9:00 a.m. until 6:00 p.m. on Saturday, and from 9:00 a.m. until 6:00 p.m. on Sunday. Father shall provide Mother with at least two (2) weeks notice of his intent to exercise said supervised parenting time.

On March 28, 2002, the matter was again before the trial court upon motion by Mr. Jordan to determine whether the seal imposed by the court upon the court file extended to the pleadings, transcripts and communications being provided to Mr. Jordan's Alabama attorney. On April 3, 2002, the trial court entered an Order on that motion, which states, in pertinent part, that:

> 1. [Mr. Jordan's] attorney may provide only copies of the orders entered in this cause to [Mr. Jordan's] Alabama attorney and said attorney's name must be disclosed to the court;
>
> 2. [Mr. Jordan's] said Alabama attorney may apply to this court for additional information from the court file should said attorney determine the need to do so.

Pursuant to this Order, Mr. Gordon submitted a Notice to the court on April 3, 2002, indicating the Alabama attorney's name and address. Mr. Jordan filed notice of appeal on April 8, 2002. On May 24, 2002, the trial court entered an Order Partially Lifting Seal for the express and limited purpose of preparing the record on appeal.

On July 5, 2002, Mr. Jordan, by special appearance, filed a Motion for Stay and Further Relief Pending Appeal pursuant to Tenn. R. Civ. P. 63. On August 26, 2002, Ms. Jordan filed an Affidavit of judgment debtor's last known address for the purpose of requesting the issuance of an execution of garnishment.

On appeal, Mr. Jordan raises four (4) issues for our review, as stated in his brief:

> I. The trial court erred in ruling that Tennessee had proper jurisdiction over the person of Appellant.
>
> II. The trial court erred in ruling that Tennessee had proper jurisdiction to modify the parties' Alabama final decree concerning visitation.
>
> III. The trial court erred in refusing to bifurcate the hearing as to jurisdiction from the hearing on the merits.
>
> IV. The trial court erred in placing such a broad seal in this matter as to prevent disclosure of communications and court pleadings to Appellant's Alabama attorney in related Alabama proceedings between the same parties.

## I. The trial court erred in ruling that Tennessee had

## proper jurisdiction over the person of Appellant.

We first note that the trial court's determination of personal jurisdiction over Mr. Jordan is a question of law. As such, our review of the trial court order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); *Waldron v. Delffs*, 988 **S.W.2d 182, 184 (Tenn. Ct. App. 1998);** *Sims v. Stewart*, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

From our reading of the record and his brief, Mr. Jordan does not dispute the validity of Tennessee's enrolling the Alabama decree in the Circuit Court of Shelby County. Rather, his sole contention is that Tennessee may not enforce that properly enrolled decree because Tennessee lacks personal jurisdiction over Mr. Jordan. We cannot agree.

T.C.A. § 36-5-2606 outlines the procedure necessary to contest the validity or enforcement of a registration order. The statute reads, in pertinent part, as follows:

> (a) A nonregistering party seeking to contest the validity or enforcement of a registered order in this state shall request a hearing within twenty (20) days after the date of mailing or personal service of notice of the registration. The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages pursuant to § 36-5-2607 (Contest of Registration or Enforcement).

> (b) If the nonregistering party fails to contest the validity or enforcement of the registered order in a timely manner, the order is confirmed by operation of law.

The language of T.C.A. § 36-5-2606 is clear. The nonregistering party (in this case Mr. Jordan) must request a hearing within twenty (20) days after personal service of the notice of registration. In this case, Ms. Jordan filed the First Petition on December 20, 2001 and Mr. Jordan was served with this First Petition sometime in late December. From the record, we find that Mr. Jordan's first attempt to contest the validity or enforcement of the Alabama decree was not made until the first hearing in this matter on February 8, 2002. At that time, Mr. Jordan, through special appearance of his attorney, raised the defense of lack of personal jurisdiction.

From the record, it appears that Mr. Jordan's first contest to the validity or enforcement of the Alabama decree was made well beyond the twenty (20) day cut-off. While we note that lack of personal jurisdiction is a valid defense to the validity or enforcement of a registered order under T.C.A. § 36-5-2607, T.C.A. § 36-5-2606 makes it clear that such defense must be raised within twenty (20) days after the date of mailing or personal service of notice of the registration. Under the statute, Mr. Jordan's failure to contest the court's lack of personal jurisdiction in a timely manner results in the order being confirmed by operation of law. Once there has been confirmation of a registered order, Mr. Jordan is precluded, under T.C.A. § 36-5-2608 from

asserting any defenses (i.e. lack of personal jurisdiction), which could have been raised at the time of registration: *See* T.C.A. 36-5-2607(a)(1) (2001) and T.C.A. § 36-5-2608 (2001).

However, we note that Mr. Jordan's absence from this state or more importantly the absence from this jurisdiction of any source for collecting the judgment will require Ms. Jordan to proceed with the Tennessee judgment for enforcement where Mr. Jordan's assets may be found. T.C.A. § 36-5-2603 provides:

> **36-5-2603. Effect of registration for enforcement. -** (a) A support order or income-withholding order issued in another state is registered when the order is filed in the registering tribunal of this state.
>
> (b) A registered order issued in another state is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state.
>
> (c) Except as otherwise provided in this part, a tribunal of this state shall recognize and enforce, but may not modify, a registered order if the issuing tribunal had jurisdiction.

## II. The trial court erred in ruling that Tennessee had proper jurisdiction to modify the parties' Alabama final decree concerning visitation.

To determine whether Tennessee has appropriate subject-matter jurisdiction to modify Alabama's final decree concerning visitation, we turn to the Uniform Child Custody Jurisdiction and Enforcement Act (the "UCCJEA"). § 36-6-218 addresses the court's jurisdiction to modify foreign decrees and reads, in pertinent part, as follows:

> Except as otherwise provided in § 36-6-219[2], a court of this state may not modify a child-custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under § 36-6-216(a)(1) or (2) and:
>
> *                                    *                                    *
>
> (2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

---

[2] § 36-2-219 addresses temporary emergency jurisdiction, which is not necessary in this case.

Clearly two criteria must be met in order for a Tennessee court to have jurisdiction to modify the Alabama decree at issue in this case. First, the Tennessee court must have jurisdiction to make an initial determination under § 36-6-216(a)(1) or (2). § 36-6-216(a) of the UCCJEA reads, in pertinent part, as follows:

> (a) ...a court of this state has jurisdiction to make an initial child custody determination only if:
>
> (1) This state is the home state of the child on the date of the commencement of the proceeding...

T.C.A. § 36-6-205(7) defines "Home state" as follows: "'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding." In the instant case, we find that Tennessee is the home state of Jocelynn Jordan and Presleigh Jordan. Ms. Jordan moved to Tennessee with the two children on February 14, 2001. The First Petition was filed on December 20, 2001. The definition of "Home state" is, therefore, met in this case. Consequently, we find that the first criterion for jurisdiction to modify the foreign decree under T.C.A. § 36-6-218 is satisfied.

The second applicable criterion for jurisdiction to modify the foreign decree requires a determination that the child, the child's parents, and any person acting as a parent do not presently reside in the other state (i.e. Alabama). It is clear that Ms. Jordan and the children no longer reside in Alabama. It is Mr. Jordan's residential status that is at issue here. In the Final Order, the trial court concludes that "Father's Motion to Dismiss for lack of personal jurisdiction shall be and hereby is denied. This Honorable Court specifically finds that it has proper subject matter and personal jurisdiction to adjudicate all claims before it."

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. Tenn. R. App. P. 13(d). However, in this case, the trial court made no findings of fact. The Final Order simply concludes, without explanation, that the court has personal and subject-matter jurisdiction. Pursuant to Tenn. R. App. P. 13(c), we are limited to the facts "established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to rule 14." Here, there was nothing found as a fact to which we may attach the presumption of correctness. Therefore, we will review the record *de novo* to determine where the preponderance of the evidence lies. *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn.1999) (citing *Devorak v. Patterson*, 907 S.W.2d 815, 818 (Tenn. Ct. App.1995); *Goodman v. Memphis Park Comm'n*, 851 S.W.2d 165, 166 (Tenn. Ct. App.1992); and *Kelly v. Kelly*, 679 S.W.2d 458, 460 (Tenn. Ct. App.1984)).

Turning to the record in this case, we find that the evidence presented by Mr. Jordan to support his claim that he does not reside in Massachusetts consists of his Motion to Dismiss filed March 8, 2002. This Motion asserts, in pertinent part, that:

2. Respondent has at all times remained a resident of the State of Alabama and has never been a resident of the State of Tennessee;

3. Respondent is a registered voter in the State of Alabama...

4. Respondent maintains an Alabama drivers' license and not that of any other State;

5. Respondent has continuously maintained his primary residence in the State of Alabama where his belongings and furnishings remain;

6. Respondent's parents, grandparents and siblings are also residents of the State of Alabama;

7. Respondent was laid off from his employment in Alabama during 2001 and was unable to secure suitable employment in the area for a period of three months;

8. Respondent only took employment in the New England area through his labor union when no suitable employment could be located in Alabama;

9. Respondent is temporarily staying in Massachusetts where he is currently working in Massachusetts and New Hampshire and expects to return to Alabama at any time once employment prospects there improve;

10. Respondent initially stayed at several local motels until he recently rented a furnished room in a home in Shrewsbury, Massachusetts;

11. Respondent collected unemployment compensation from the State of Alabama during 2001 and continues to direct and receive correspondence at his Alabama address;

12. Respondent has had no contacts with the State of Tennessee;

At the March 12, 2002 hearing, Mr. Jordan's attorney reiterated the above points in arguing his client's position. Concerning the question of where Mr. Jordan presently resides, Ms. Jordan testified at that hearing as follows:

Q. You have heard Mr. Gordon make certain statements about where your ex-husband resides. You have had the opportunity to investigate the veracity of the statements or the allegations–

A. Yes, I have.

\*                                    \*                                    \*

A. ...once he [Mr. Jordan] had moved there [to Massachusetts] and began living at his Banaster address in July, he–we were on speaking terms and we were talking. He did at that time inform me that he really liked it there. He had met a lady by the name of Jennifer Latino, and was residing with her. He enjoyed the weather and did not have any intentions on moving back to Alabama, and further alleged that he was not going to pay the arrearage or the portion of school that he was required to pay. In that, he was trying to save up to buy a home there.

Q. Have you had an occasion to review any documentation that reflects where he now suggests he resides?

A. Yes.

Q. And what documentation have you had the opportunity to review?

A. He purchased and registered a vehicle within the state of Massachusetts, and it does have a Massachusetts tag, as well as–I investigated that he is paying taxes there on that vehicle within Shrewsbury, Massachusetts, the city that he resides.

We first note that the statute at issue (T.C.A. § 36-6-218), and specifically the second criterion outlined in that statute requires that the children, and the parents not *presently reside* in Alabama in order for a Tennessee court to have jurisdiction to modify the visitation decree. While we concede that Mr. Jordan's domicile remains in Alabama in that he has no present intention to permanently reside in another state, and while the evidence indicates that Mr. Jordan retains a residence in Alabama, the question before us is where Mr. Jordan *presently resides*. Black's Law Dictionary 1176 (5th ed. 1979) defines "reside" as follows:

> **Reside**. Live, dwell, abide, sojourn, stay, remain, lodge. To settle oneself or a thing in a place, to be stationed, to remain or stay, to dwell for a time...

*Id.* (citations omitted).

From the evidence before us, it is clear that Mr. Jordan presently resides in Massachusetts. From his own sworn statement in the Motion to Dismiss filed March 8, 2002, Mr. Jordan admits that he is "staying in Massachusetts where he is currently working." Although Mr. Jordan qualifies this statement with the word "temporarily," as noted above, the issue is not whether he intends to stay in Massachusetts (that would go to the issue of domicile), nor whether he has a residence in Alabama (one may have more than one residence). But even if a person has several homes, no one can be at two places at once. Consequently, a person may ***presently*** reside only at one of his or her homes. Therefore, the question is simply this: where was Mr. Jordan residing when this action commenced? The evidence before us yields only one answer and that is Massachusetts. The comment to the official text states in pertinent part: "In other words, a court of the modification state can determine that all parties have moved away from the original state."

For the foregoing reasons, we find that both criteria outlined in T.C.A. § 36-6-218 have been met in this case. Tennessee, therefore, has subject-matter jurisdiction to modify the custody order found in the Alabama decree.

### III. The trial court erred in refusing to bifurcate the hearing as to jurisdiction from the hearing on the merits.

Based upon our finding, under Issue I above, that Mr. Jordan failed to raise the defense of lack of personal jurisdiction within twenty (20) days after the date of mailing or personal service of notice of the registration, we find this issue to be moot.

### IV. The trial court erred in placing such a broad seal in this matter as to prevent disclosure of communications and court pleadings to Appellant's Alabama attorney in related Alabama proceedings between the same parties.

As set forth above, the trial court placed this file under seal due to the sensitive parentage issues, as well as the history of the mother's relationship with Jocelynn's biological father. Mr. Jordan now submits that the seal imposed by the trial court is overly broad and, as such, interferes with his constitutional right to counsel. The record indicates that Mr. Jordan did move the trial court to "determine whether the seal placed by the court in this cause extends to communications and pleadings being provided to respondent's Alabama attorney...." Although Mr. Jordan ***asked for clarification on the parameters*** of the court's seal, we find no indication in the record to suggest that he raised the issues of the seal being overly broad or having any impact on his right to counsel. It is a well settled principle of law that issues not raised in the trial court cannot be raised for the first time on appeal. ***See Lovell v. Metro. Gov't***, 696 S.W.2d 2 (Tenn. 1985); ***Lawrence v. Stanford***, 655 S.W.2d 927 (Tenn. 1983). Consequently, this issue is without merit.

For the foregoing reasons, we affirm the Order of the trial court. Costs of this appeal are assessed to the Appellant, James S. Jordan, Jr., and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.