Broadway Management Corporation, d/b/a Americana Nursing Center, Plaintiff-Appellee, *v.* Conan Briggs, Defendant-Appellant.

(No. 12444;

Fourth District—July 17, 1975.

Arthur H. Grant, of Chicago, for appellant.,

Stephen E. Larkin, of Pratt, Larkin & Williams, of Bloomington, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Conan Briggs appeals from a circuit court's refusal to vacate an allegedly void judgment by confession against him, or to quash a garnishment summons against the holder of certain stock certificates belonging to him.

The note on which the confession of judgment was based reads in part: "Ninety Days after date, I, we, or either of us, promise to pay to the order of Three Thousand Four Hundred Ninety Eight and 45/100 - - - - - - - - - - - - - Dollars." (The underlined words and symbols have been typed in; the remainder is printed.) There are no blanks on the face of the instrument, any unused space having been filled in with hyphens. The note contains clauses permitting acceleration in the event the holder deems itself insecure and authorizes confession of judgment "if this note is not paid at any stated or accelerated maturity."

■■ The trial court determined this instrument to be non-negotiable paper, yet applied certain elements of the law of negotiable instruments in arriving at its conclusion. We believe the instrument to be negotiable. The Uniform Commercial Code, section 3—109 (Ill. Rev. Stat. 1971, ch. 26, § 3—109) establishes that an acceleration clause does not affect negotiability; neither, under the Uniform Commercial Code, section 3—112(1)(d) (Ill. Rev. Stat. 1971, ch. 26, § 3—112(1)(d)) is negotiability impaired by a clause confessing judgment on an instrument "if it is not paid when due." Since the operation of the acceleration clause would have made the note due (that is, mature) as of the time of its operation (*Mid-States Finance Co., Inc. v. Redman*, 111 Ill.App.2d 107, 248 N.E.2d 789), the note does not, as suggested by the trial court, authorize confession of judgment prior to maturity.

Thus, the critical question of whether this is order or bearer paper is to be determined by section 3 of the Uniform Commercial Code, which governs negotiable instruments. If this is bearer paper, the plaintiff's possession was sufficient to make it a holder (Uniform Commercial Code, section 1—201(20), Ill. Rev. Stat. 1971, ch. 26, § 1—201(20)), and this note on its face authorizes the holder to confess judgment against the maker. See *Shatz v. Dunn*, 18 Ill.App.3d 390, 309 N.E.2d 702.

■■ On the other hand, if the instrument is order paper, it becomes apparent that the payee cannot be determined upon the face of the instrument. The power to confess judgment must be clearly given and strictly

pursued. (*Grundy County National Bank v. Westfall*, 49 Ill.2d 498, 275 N.E.2d 374; *Holmes v. Partridge*, 375 Ill. 521, 31 N.E.2d 948.) The warrant of authority having been given in favor of a named person, that warrant may be exercised only by the person named. (*Keen v. Bump*, 286 Ill. 11, 121 N.E. 251.) If the warrant in this case cannot be read to extend to "bearer," then it may not be exercised, since the strict construction mandated by Illinois decisions will not allow a court to guess in whose name such a power may be exercised.

Under the Code, an instrument is payable to bearer only when by its term it is payable to:

"(a) bearer or the order of bearer; or

(b) a specified person or bearer; or

(c) 'cash' or the order of 'cash', or any other indication which does not purport to designate a specific payee." (Ill. Rev. Stat. 1971, ch. 26, § 3—111.)

The official comments to the section note that an instrument made payable "to the order of_____" is not bearer paper, but an incomplete order instrument unenforceable until completed in accordance with authority. Ill. Rev. Stat. 1971, ch. 26, § 3—115.

■■ The instrument here is not bearer paper. We cannot say that it "does not purport to designate a specific payee." Rather, we believe the wording of the instrument is clear in its implication that the payee's name is to be inserted between the promise and the amount, so that the literal absence of blanks is legally insignificant.

■■ Since the holder could not be determined from the face of the instrument, the trial court was in error in allowing plaintiff Broadway Management to exercise the warrant of attorney granted by this instrument to its holder. The judgment by confession therefore must be vacated.

Since the garnishment summons dependent upon this judgment must necessarily be quashed, we do not reach defendant-appellant's contention as to the constitutionality of the garnishment statute as applied in this case.

Reversed and remanded with directions to allow the motion to vacate the confession of judgment and quash the garnishment summons.

TRAPP, P. J., and GREEN, J., concur.