# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
On-Briefs November 29, 2006

## STATE OF TENNESSEE v. ANTONIO D. ADAMS

**A Direct Appeal from the Criminal Court for Shelby County**
**No. JV-00139    The Honorable Arthur T. Bennett, Judge**

---

**No. W2005-02972-COA-R3-JV - Filed January 17, 2007**

---

Appellant appeals the Criminal Court of Shelby County's dismissal of his appeal from the Juvenile Court of Shelby County. The Criminal Court found that Appellant's notice of appeal was not timely filed under T.C.A. § 37-1-159. Finding that the Appellant's appeal was timely, we reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

William E. Robilio, Assistant Public Defender, Memphis, Tennessee for Appellant, Antonio Adams

Paul G. Summers, Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General, Nashville, Tennessee for Appellee, State of Tennessee

## OPINION

On September 16, 2005, a petition alleging that the juvenile defendant, Antonio D. Adams ("Adams," or "Appellant"), was in unlawful possession of a handgun was filed in the Juvenile Court of Shelby County. On September 23, 2005, following a hearing, the Juvenile Court Referee entered an Order recommending that Adams be committed to the Department of Children's Services. On October 12, 2005, Adams filed a *pro se* notice of appeal to the Criminal Court of Shelby County. On November 21, 2005, a hearing was held in the Criminal Court during which the State of Tennessee ("State," or "Appellee") argued that Adams's appeal should be dismissed as time-barred because it was not filed within ten (10) nonjudicial days of the Referee's recommendation. On November 21, 2005, the trial court issued an order dismissing Adams's appeal as time-barred. Adams appeals and raises one issue for review as stated in his brief:

> Did the Criminal Court err when it dismissed Appellant's appeal of
> a finding of delinquency from Juvenile Court to Criminal Court, on

the basis that it was not timely filed pursuant to Tenn. Code Ann. § 37-1-159.

The application of T.C.A. § 37-1-159 is a question of law. As such, our review of the trial court's order is *de novo* upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); ***Waldron v. Delfss***, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); ***Sims v. Stewart***, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

T.C.A. § 37-1-159 (2005) provides, in relevant part:

> The appeal shall be perfected within ten (10) days, excluding nonjudicial days, following the juvenile court's disposition. If a rehearing of a matter heard by a referee is not requested or provided pursuant to § 37-1-107(e), the date of the expiration of the time within which to request rehearing shall be the date of disposition for appeal purposes, and the parties and their attorneys shall be so notified by the referee. If there is a rehearing by the judge, the appeal period shall commence the day after the order of disposition is entered.[1]

T.C.A. § 37-1-107(e) provides:

> (e) Any party may, within five (5) days thereafter, excluding nonjudicial days, file a request with the court for a hearing by the judge of the juvenile court. The judge may, on the judge's own motion, order a rehearing of any matter heard before a referee, and shall allow a hearing if a request for such hearing is filed as herein prescribed. Unless the judge orders otherwise, the recommendation of the referee shall be the decree of the court pending a rehearing.

Under T.C.A. § 37-1-107(e), Adams had five (5) days from the entry of the September 23, 2005 before the ten (10) nonjudicial days provided in T.C.A. § 37-1-159 began to run. In short, he had fifteen (15) nonjudicial days from September 23, 2005 in which to file his notice of appeal. Excluding nonjudicial days, our calculation shows that the time period for filing the notice of appeal in this case expired on October 14, 2005. Because Adams filed his notice of appeal on October 12, 2005, he was clearly within the statutory time frame.

---

[1] T.C.A. § 37-1-102(b)(17) provides that nonjudicial days "means Saturdays, Sundays, and legal holidays. Nonjudicial days begin at four thirty p.m. (4:30 p.m.) on the day preceding a weekend or holiday, and end at eight o'clock a.m. (8:00 a.m.) on the day after a weekend or holiday."

The State asserts that Adams has waived his argument because it was not presented in the trial court and, in fact, his attorney conceded at the hearing that the notice of appeal was not timely filed. It is clear to this Court that the State and Adams' attorney misconstrued the applicable statutes and lost sight of the fact that the notice of appeal was, in fact, timely filed. In **Heatherly v. Merrimack Mut. Fire Ins. Co.**, 43 S.W.3d 911 (Tenn. Ct. App. 2000), the Court said:

> As a general matter, appellate courts will decline to consider issues raised for the first time on appeal that were not raised and considered in the trial court. **Reid v. State**, 9 S.W.3d 788, 796 (Tenn. Ct. App. 1999). However, Tenn. R. App. P. 13(b)[2] and 36(a)[3] give appellate courts considerable discretion to consider issues that have not been properly presented in order to achieve fairness and justice. **Aaron v. Aaron**, 909 S.W.2d 408, 412 (Tenn. 1995). Taken together, these rules permit appellate courts to grant complete relief to the parties as long as they have been given fair notice and an opportunity to be heard on the dispositive issues. **Realty Shop, Inc. v. RR Westminster Holding, Inc.**, 7 S.W.3d 581, 608 (Tenn. Ct. App. 1999).

**Id.** at 916; **see also Frazier v. Elmore**, 173 S.W.2d 563, 567 (Tenn. 1943).

The trial court accepted the parties' contentions. In its brief, the state has conceded that this case merits remand for a trial. We agree.

For the foregoing reasons, we reverse the order of the trial court and remand for such further proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed to the Appellee, the State of Tennessee.

---

[2] Tenn. R. App. P. 13(b) states: "Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial and appellate court[s] have jurisdiction over the subject matter, whether or not presented for review, and may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process."

[3] Tenn. R. App. P. 36(a) states that the appellate courts "shall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief . . . provided, however, relief may not be granted in contravention of the province of the trier of fact."

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.