IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
February 19, 2009 Session

## MELINDA REUST WILLIAMS v. ERIC BUTZE

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001348-08    Robert L. Childers, Judge**

_____

**No. W2008-01490-COA-R3-CV - Filed March 18, 2009**
_____

This case began as a petition for dependency and neglect, which petition was dismissed by consent of the parties. The juvenile court then proceeded to determine custody pursuant to its authority granted by Tenn. Code Ann. § 37-1-104(f). When custody was placed with Father/Appellee, Mother/Appellant appealed to the Circuit Court of Shelby County. The Circuit Court determined that the Tennessee Court of Appeals was the proper appellate court and entered an order transferring the appeal to us. Mother appeals that transfer. We affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J. W.S.,and HOLLY M. KIRBY, J., joined.

Timothy J. Williams, Memphis, TN for Appellant, Melinda Reust Williams

Ivan D. Harris, Collierville, TN for Appellee, Eric Butze

**OPINION**

Appellee/Father Eric Butze and Appellant/Mother Melinda Williams have one minor child, K.M.B., born out of wedlock on September 8, 2000. Following her birth, K.M.B. was in the primary custody of Ms. Williams. On August 18, 2003, Mr. Butze filed a petition for dependency and neglect, protective custody and/or custody, seeking custody of the minor child based upon allegations that Ms.Williams as unable to properly care for K.M.B. In response to Mr. Butze's petition, the trial court entered a protective custody order, placing temporary custody of K.M.B. with Mr. Butze.

After some discovery and litigation, the parties reached an agreement to dismiss the dependency and neglect petition. On January 9, 2006, the trial court entered an order, which states, in relevant part:

This cause came to be heard....upon a petition for dependency and neglect.... From statements of counsel it appears that the parties have reached an amicable settlement of all issues and that the settlement appears to be reasonable to the Court:

1. The Petition [for dependency and neglect, filed on August 18, 2003] is dismissed **by consent of the parties** and the Court hereby enters a child custody Order pursuant to § 36-6-106 of the Tennessee Code Annotated.

(Emphasis added).

The trial court placed primary residential custody with Mr. Butze, and granted Ms. Williams' visitation. The parties operated under the schedule until June 16, 2006 when Mr. Butze filed a petition to modify the previous order on custody. The petition reads, in pertinent part, as follows:

Since [Father was granted custody] circumstances have changed in that...said child incurred high levels of arsenic in her bloodstream while visiting mother approximately two or three weeks ago.

By Order of June 16, 2006, Ms. Williams' visitation with K.M.B. was suspended pending a hearing on Mr. Butze's petition. That hearing took place on August 24, August 28, and September 4, 2007. On September 4, 2007, the trial court entered an order, which reads, in relevant part, as follows:

5. That immediately following an unsupervised period of visitation between the mother and child said child became very ill. When taken to a doctor she was tested and showed positive for signs of organic and inorganic arsenic. That from all the testimony this Court finds by clear and convincing proof that the mother knowingly caused her child to ingest arsenic and that such conduct by the mother constitutes severe child abuse as defined by Tennessee Code Annotated , Section 37-1-102(21)(A).

6. That the petition should be sustained and that the previous order of this Court entered on January 9, 2006 should be modified as it is not in said child's best interest to have any court ordered unsupervised contact with her mother.

The court ordered the January 9, 2006 order be set aside, and granted Ms.Williams' supervised visitation with the child "under such terms and conditions as may be established...by the father, in his sole discretion, for the protection of the child." Ms. Williams was also prohibited from giving the child any food or drink.

On September 14, 2007, Ms. Williams filed a notice of appeal to the Circuit Court at Shelby County. By Order of June 27, 2008, the Circuit Court found that it did not have jurisdiction to hear the appeal, and transferred the matter to this Court for disposition. Ms. Williams appeals the Circuit Court's transfer of the appeal. The sole issue before this Court is whether the Circuit Court erred in transferring Ms. Williams' appeal of the Juvenile Court order.

Because the issue presents a question of law, we review the Circuit Court's decision *de novo* upon the record with no presumption of correctness. ***See*** Tenn. R. App. P. 13(d); ***Waldron v. Delffs***, 988 S.W.2d 182, 184 (Tenn. Ct. App.1998); ***Sims v. Stewart***, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

Tenn. Code Ann. § 37-1-159 provides, in relevant part:

> (a) The juvenile court shall be a court of record... and any appeal from any final order or judgment in an unruly child proceeding or dependent and neglect proceeding, filed under this chapter, may be made to the circuit court that shall hear the testimony of witnesses and try the case de novo. The appeal shall be perfected within ten (10) days, excluding nonjudicial days, following the juvenile court's disposition....

> *                         *                         *

> (g) Appeals in all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 37-1-103(a)(1) provides that the Juvenile Court has exclusive jurisdiction over dependency and neglect proceedings. This exclusive jurisdiction continues until one of the following criteria is met:

> When jurisdiction has been acquired under the provisions of this part, such jurisdiction shall continue until the case has been dismissed, or until the custody determination is transferred to another juvenile, circuit, chancery or general sessions court exercising domestic relations jurisdiction, or until a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f)....

Tenn. Code Ann. § 37-1-103(c).

In ***In Re D.Y.H.***, 226 S.W.3d 327 (Tenn. 2007), our Supreme Court stated that "any custody decision that is made ***during*** a dependency and neglect proceeding is a part of the dependency and neglect proceeding and appealable to the circuit court." ***In Re D.Y.H.***, 226 S.W.3d at 331 (citing ***Tennessee Department of Children's Services v. Owens***, 129 S.W.3d 50 (Tenn. 2004)) (emphasis

added). The ***D.Y.H.*** Court further held that any custody decision made subsequent to a dependency and neglect proceeding will arise from and be part of the dependency and neglect proceeding unless there is an interrupting event under Tenn. Code Ann. § 37-1-103(c). ***Id.***

In ***Anthony v. Rodgers***, No. W2002-01240-COA-R3-CV, 2003 WL 22213208 (Tenn. Ct. App. Sept. 23, 2003), the original petition was one for dependency and neglect, which was filed by the grandmother, seeking custody of a minor child born out of wedlock. ***Id.*** at *1. The child's biological father also filed his own petition for dependency and neglect, asking the court to place custody with him. ***Id.*** The Juvenile Court dismissed both petitions for dependency and neglect and awarded custody to the father pursuant to Tenn. Code Ann. § 36-6-106. The mother then appealed this custody determination to the Circuit Court at Shelby County. In ***Anthony***, this Court found that, because the Juvenile Court had dismissed both petitions for dependency and neglect, and had made a custody determination between the two parents, that the mother was appealing the custody decision, and not the dependency and neglect issue. Consequently, under Tenn. Code Ann. § 37-1-159, this Court held that it had subject matter jurisdiction over the appeal, not the Circuit Court.

As discussed above, in the instant case, the dependency and neglect petition filed by Mr. Butze was dismissed by consent of both the parties on January 9, 2006. As in ***Anthony***, this dismissal of the dependency and neglect petition served as an interrupting event, which ended the Juvenile Court's exclusive jurisdiction over the dependency and neglect proceedings. Tenn. Code Ann.§ 37-1-103(c). In the same January 9, 2006 order, the Juvenile Court made a custody determination "pursuant to § 36-6-106 of the Tennessee Code Annotated." In so doing, the trial court was proceeding under its jurisdiction established by Tenn. Code Ann. § 37-1-104(f), which provides:

> Notwithstanding any provision of law to the contrary, the juvenile court has concurrent jurisdiction with the circuit and chancery court of proceedings to establish the paternity of children born out of lawful wedlock and to determine any custody, visitation, support, education or other issues regarding the care and control of children born out of wedlock. The court further has the power to enforce its orders. Nothing in this subsection (f) shall be construed as vesting the circuit and chancery court with jurisdiction over matters that are in the exclusive jurisdiction of the juvenile court under § 37-1-103.

In short, once the parties consented to the dismissal of the dependency and neglect petition, the Juvenile Court's exclusive jurisdiction under Tenn. Code Ann. § 37-1-103(c) ceased. Here, Ms. Williams is appealing a custody decision made by the Juvenile Court pursuant to its jurisdiction under Tenn. Code Ann. § 37-1-104(f). Consequently, under Tenn. Code Ann. § 37-1-159(g), this Court, not the Circuit Court, is the proper appellate court.

For the foregoing reasons, we affirm the order of the Circuit Court. Costs of this appeal are assessed against the Appellant, Melinda Williams and her surety.

_____
J. STEVEN STAFFORD, J.