# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 13, 2013 Session

## CHANDRA L. BERRY v. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INDIVIDUALLY AND AS NOMINEE FOR MORTGAGE LENDERS NETWORK USA, ET AL.

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-12-1053-2      Arnold B. Goldin, Chancellor

### No. W2013-00474-COA-R3-CV - Filed October 15, 2013

Plaintiff defaulted on her mortgage and Defendants advised Plaintiff of their plan to foreclose. Plaintiff then sought an injunction and a declaratory judgment. The trial court entered a temporary restraining order preventing foreclosure, which it dissolved after granting Defendants' motion for judgment on the pleadings. Plaintiff appeals the trial court's grant of Defendants' motion for judgment on the pleadings. We affirm in part and reverse in part, and we remand for further proceedings.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Archie Sanders, Memphis, Tennessee, for the appellant, Chandra L. Berry

Bradley E. Trammell, Kavita Goswamy Shelat, Memphis, Tennessee, for the appellees, Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc.

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

On August 5, 2004, plaintiff Chandra Berry purchased property located at 6215 Malloch Drive in Memphis, Tennessee (the "Property").[1] At some point, Ms. Berry defaulted on her mortgage obligation and she attempted to negotiate a loan modification and refinancing. The defendants, Mortgage Electronic Registration Systems ("MERS") individually and as nominee for Mortgage Lenders Network USA, Wells Fargo Home Mortgage d/b/a American Servicing Company, and Wilson & Associates, PLLC, as successor trustee, who claim to hold the Deed of Trust on Ms. Berry's property, however, did not agree to modify or restructure the loan, and instead advised Ms. Berry that they planned to foreclose on her home on or about June 29, 2012.

On June 27, 2012, Ms. Berry, with the assistance of counsel, filed a pleading in the Shelby County Chancery Court styled "Complaint for Declaratory Judgment and for Ex Parte Temporary Restraining Order and Injunctive[] Relief and for Damages and other Legal and Equitable Relief" ("Complaint") against the defendants. The Complaint was amended the following day ("Amended Complaint"), and the chancery court issued a temporary restraining order enjoining Defendants from foreclosing upon, removing, or evicting Ms. Berry from the Property. Defendants MERS and Wells Fargo (together "Defendants") then filed an Answer and a Motion for Judgment on the Pleadings pursuant to Tennessee Rule of Civil Procedure 12.03. On December 10, 2012, the chancery court entered an order granting the motion for judgment on the pleadings stating that "many of the allegations [are] overly generalized and non-specific, while in other areas, the Amended Complaint is simply devoid of facts which could legally entitle Plaintiff to relief."[2] The order was made final pursuant to Tennessee Rule of Civil Procedure 54.02, and Ms. Berry timely appealed to this Court.[3]

---

[1] Because this case was dismissed on the pleadings, we accept as true the factual allegations contained within Ms. Berry's Amended Complaint. *See Coker v. Purdue Pharma Co.*, No. W2005-02525-COA-R3-CV, 2006 WL 3438082, at *5 (Tenn. Ct. App. Nov. 30, 2006) (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1994).

[2] Shortly after the chancery court granted the motion for judgment on the pleadings in favor of defendants MERS and Wells Fargo, defendant Wilson & Associates, PLLC also filed a motion for judgment on the pleadings. The disposition of this motion is not apparent from the record, and defendant Wilson & Associates, PLLC is not a party to this appeal.

[3] In January 2013, the chancery court entered an order, nunc pro tunc to December 10, 2012, dissolving the temporary restraining order issued on June 28, 2012.

## II.  ISSUE PRESENTED

On appeal, Ms. Berry argues that the chancery court erred in granting a judgment on the pleadings in favor of Defendants MERS and Wells Fargo.  For the following reasons, we affirm in part and reverse in part, and we remand for further proceedings.

## III.  STANDARD OF REVIEW

"A motion for judgment on the pleadings made by the defendant is essentially a motion to dismiss for failure to state a claim upon which relief can be granted." ***Coker v. Purdue Pharma Co.***, No. W2005-02525-COA-R3-CV, 2006 WL 3438082, at \*5 (Tenn. Ct. App. Nov. 30, 2006) (citing *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); 3 Nancy F. MacLean & Bradley A. MacLean, *Tennessee Practice* 190 (2nd ed. 1989)).  The motion tests only the sufficiency of the complaint; it does not test the strength of the plaintiff's proof. ***Id.*** (citing *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994)).  "The motion 'admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action.'" ***Id.*** (quoting *Stein*, 945 S.W.2d at 716).  When considering a motion for judgment on the pleadings, a court "should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact in the complaint as true." ***Id.*** (citing *Stein*, 945 S.W.2d at 716; *Cook*, 878 S.W.2d at 938).  "'The motion should be denied unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.'" ***Id.*** (quoting *Cook*, 878 S.W.2d at 938).  In reviewing a trial court's grant of judgment on the pleadings, this Court must also take the factual allegations recited in the complaint as true, and we review the trial court's legal conclusions *de novo* without a presumption of correctness. ***Id.*** (citing Tenn. R. App. P. 13(d); *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Stein*, 945 S.W.2d at 716).

## IV.  DISCUSSION

In her Amended Complaint, Ms. Berry states that she has "attempted to negotiate a loan modification and refinancing" and that she has "followed the guidelines and provided the defendants with the proper and required documentation" to secure modification and refinancing.  However, she claims that "Defendants have not agreed to a loan modification and restructure in violation of the federal guidelines and rules[,]" specifically, the Tennessee Consumer Protection Act ("TCPA"), the Home Affordable Modification Program ("HAMP"),[4] and the duty of good faith and fair dealing.

---

[4] HAMP "is a program designed to provide assistance to homeowners to avoid foreclosure." ***Clay***
(continued...)

In addition to wrongfully failing to modify/restructure, Ms. Berry alleges that Defendants "intentionally recorded, and continue to record documents wherein employees of companies other than MERS falsely identify themselves as being 'officers and/or vice presidents' of MERS[.]" She implies that these falsely-identified persons were involved in the transfer of her mortgage, that Defendants, therefore, secured no legal interest in her property, and, as a result, that Defendants have no right to foreclose upon it.

As stated above, the trial court granted Defendants' motion for judgment on the pleadings. The court found "many of the allegations to be overly generalized and non-specific, while in other areas, the Amended Complaint is simply devoid of facts which could entitle Plaintiff to relief."

With regard to Ms. Berry's TCPA claim, the trial court found that the Amended Complaint "fails to clearly articulate which actions purportedly give rise" to the claim, and, in any event, that the TCPA does not apply to the manner in which a lender conducts foreclosure proceedings. Likewise, concerning the HAMP claim, the trial court found that the Amended Complaint "fails to clearly articulate the actions upon which Plaintiff's legal claims are based[,]" and furthermore, that HAMP does not create a private or third-party beneficiary right of action to enforce the terms of HAMP. Additionally, the court found that Ms. Berry had failed to allege the existence of a contract between herself and Defendants which could establish a contractual right to modification/restructuring. Finally, the trial court considered "other claims" possibly raised in the Amended Complaint. The court found that "Plaintiff has failed to coherently articulate a basis for relief[,]" but insofar as the Amended Complaint attempted to allege intentional misrepresentation, the trial court found that the claim was barred by the three-year statute of limitations. It also found that Ms. Berry's assertions regarding fraud were pled "without providing any basis or factual support. . . . which would satisfy the heightened pleading standard required under Rule 9.02 of the Tennessee Rules of Civil Procedure." Accordingly, the trial court dismissed all of Ms. Berry's claims.

### A. Temporary Restraining Order

On appeal, Ms. Berry first argues that her Amended Complaint was necessarily sufficient to survive a motion for judgment on the pleadings because it was sufficient to obtain a temporary restraining order enjoining Defendants from foreclosing upon, removing, or evicting her from the Property. This argument is without merit.

---

[4](...continued)
*v. First Horizon Home Loan Corp.*, 392 S.W.3d 72, 74 (Tenn. Ct. App. 2012).

Tennessee Rule of Civil Procedure 65.03 provides, in part, that a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney" when "an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition[.]" **Tenn. R. Civ. P. 65.03(1)(A)**. Here, the restraining order was entered *ex parte* on June 28, 2012, the same day that Ms. Berry filed her Amended Complaint and the day before the foreclosure of her home was scheduled to commence. The restraining order was entered merely to preserve the status quo until the underlying dispute could be resolved, and we reject Ms. Berry's contention that the trial court's grant of an emergency temporary restraining order in any way speaks to the sufficiency of her Amended Complaint to survive a motion for judgment on the pleadings. *See **Dipple v. Odell***, 870 F.Supp.2d 386, 393 (E.D. Pa. 2012) ("[T]he standards governing temporary restraining orders and motions to dismiss are different."); *Devall v. OneWest Bank, FSB*, No. 3:11-cv-1078, 2012 WL 4505849, at *1-2 (M.D. Tenn. Sept. 28, 2012) (granting a motion to dismiss for failure to state a claim and dissolving a temporary restraining order preventing foreclosure).

## B. TCPA & HAMP Claims

In her *reply* brief, Ms. Berry argues that the trial court erred in dismissing her TCPA and her HAMP claims. However, Ms. Berry failed to assert these alleged errors in her initial appellate brief. In fact, her initial brief makes no mention of the TCPA and it mentions HAMP only once to make an apparent concession that there is no private right of action for a violation of HAMP.

"A reply brief is a response to the arguments of the appellee. It is not a vehicle for raising new issues." ***Owens v. Owens***, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007) (citing Tenn. R. App. P. 27(c); *Denver Area Meat Cutters & Employers Pension Plan v. Clayton*, 209 S.W.3d 584, 594 (Tenn. Ct. App. 2006)). "When drafting an appellant brief, it is incumbent upon the appellant to raise the issues for review, Tenn. R. App. P. 27(a)(4), and to state 'the precise relief sought,' Tenn. R. App. P. 27(a)(8)." ***Id.*** "We will not consider an issue raised for the first time in a reply brief as an issue that has been raised properly on appeal. The reason for this is simple: to allow appellants to use such a procedure would leave appellees with no opportunity to file any response to such new issues." ***Castle v. State, Dept. of Corr.***, No. E2005-00874-COA-R3-CV, 2005 WL 2372762, at *4 (Tenn. Ct. App. Sept. 27, 2005). Accordingly, because Ms. Berry failed to challenge the trial court's dismissal of her TCPA claim and her HAMP claim in her initial appellate brief, the issues are waived and we will not consider them on appeal.

### C. Fraud[5]

Again, the trial court dismissed Ms. Berry's fraud claims in which she alleged that Defendants had intentionally misrepresented MERS as a beneficiary of the deed of trust, that Defendants had recorded documents which contained signatures of persons falsely identifying themselves as MERS "officers and/or vice presidents[,]" and that Defendants had "engaged in a pattern and practice of fraudulent conduct[.]" The trial court found that Ms. Berry had failed to coherently articulate a basis for relief, and that any intentional misrepresentation claim was barred by the three-year statute of limitations because the deed of trust at issue was executed in 2004[6] and Ms. Berry did not file suit until 2012.

On appeal, Ms. Berry, of course, argues that the Amended Complaint sufficiently stated a basis for relief, and she contends that the claim is not time-barred because "[t]he extent of the use of robo signers and their lack of authority and the lack of ability of the Defendants to demonstrate clear title would not have been obvious to the Plaintiff at the time of the closing and would not have been reasonably discovered by the Plaintiff until the attempts to foreclose began which would and did cause Plaintiff to review the title issue and the facts and circumstances surrounding the filing and recording of documents by MERS." She claims that additional discovery is necessary to determine whether defenses to the statute of limitations, such as the discovery rule, equitable estoppel and fraudulent concealment are applicable.

To establish a cause of action for fraudulent or intentional misrepresentation, a plaintiff must demonstrate that: "(i) the defendant made a representation of an existing or past fact; (ii) the representation was false when made; (iii) the representation was in regard

---

[5]Ms. Berry's Amended Complaint contains allegations related to intentional misrepresentation as well as other "general" fraud claims. As this Court has noted, there is no separate cause of action for intentional misrepresentation in Tennessee, and instead, intentional misrepresentation is an element of fraud. *PNC Multifamily Capital Institutional Fund XXVI Ltd. Partnership v. Bluff City Community Dev. Corp.*, 387 S.W.3d 525, 547-48 (Tenn. Ct. App. 2012) (citing *Fairway Village Condo. Assoc., Inc. v. Conn. Mutual Life Ins. Co.*, 934 S.W.2d 342, 347 (Tenn. Ct. App. 1996)); *see also Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012) (citing *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 904 n.1 (Tenn. 1999)) ("'Intentional misrepresentation, 'fraudulent misrepresentation,' and 'fraud' are different names for the same cause of action.") (footnote omitted). To avoid confusion, however, we will demarcate between Ms. Berry's intentional misrepresentation claims and her remaining fraud allegations.

[6]The trial court correctly noted that the court may take judicial notice of public records, such as the deed of trust, without converting a motion to dismiss into a motion for summary judgment. *See Indiana State Dist. Council of Laborers v. Brukardt*, No. M2007-02271-COA-R3-CV, 2009 WL 426237, at *8 (Tenn. Ct. App. Feb. 19, 2009) (citing Wright and Miller, *Federal Practice and Procedure, Civil* § 1357, p.376 (3d ed. 2004)).

to a material fact; (iv) the false representation was made either knowingly or without belief in its truth or recklessly; (v) plaintiff reasonably relied on the misrepresented fact; and (vi) plaintiff suffered damage as a result of the misrepresentation." *Diggs v. Lasalle Nat. Bank Ass'n*, 387 S.W.3d 559, 564 (Tenn. Ct. App. 2012) (citations omitted).

"The concept of fraud encompasses many causes of action in Tennessee." *PNC Multifamily Capital Institutional Fund XXVI Ltd. Partnership v. Bluff City Community Dev. Corp.*, 387 S.W.3d 525, 547 (Tenn. Ct. App. 2012). "Perhaps this is why claims involving allegations of fraud require more than the general pleading requirement of a 'short and plain statement of the claim.'" *Id.* (quoting Tenn. R. Civ. P. 8.01). Tennessee Rule of Civil Procedure 9.02 instead requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity[.]" "'Particularity,' or the 'quality or state of being particular,' connotes a 'concern[] with details, [or] minut[ia].'" *Id.* (citations omitted). "The particularity requirement means that any averments sounding in fraud (and the circumstances constituting that fraud) must 'relat[e] to or designat[e] one thing singled out among many.'" *Id.* (citation omitted). "In other words, particularity in pleadings requires singularity–of or pertaining to a single or specific person, thing, group, class occasion, etc., rather than to others or all." *Id.* (citation omitted).

Because a Rule 12.03 motion for judgment on the pleadings tests the legal sufficiency of the complaint, we now examine the allegations related to fraud contained in the Amended Complaint:

2. Defendants . . . claim to be holders of the deed of trust on this property and have started foreclosure proceedings against the Plaintiff[].

3. MERS acted as nominee on behalf of Mortgage Lenders Network USA.

4. Defendants through the actions of MERS purported to hold title to the property.

5. Defendants intentionally recorded, and continue to record documents wherein employees of companies other than MERS falsely identify themselves as being "officers and/or vice presidents" of MERS, or in some instances, of the Federal Deposit Insurance Corporation or other entity which has no knowledge of the actions of these supposed authorized signatories or certifying officers. These so-called certifying "officers and/or vice presidents" have no employment relationship with MERS and are not, in fact, officers or vice presidents of MERS.

6. The designation of MERS as a beneficiary or nominee of the lender on a deed of trust was an intentional and knowing false designation by MERS in numerous ways, namely: 1) neither MERS nor the "lender" so designated was the true lender; 2) MERS was not the nominee of the true lender of the funds for which the promissory note was executed; 3) MERS did not collect or distribute payments, pay escrow items, hold client funds on deposit, pay insurance for clients or borrowers, or pay taxes; 4) MERS had no right to collect money on the note or to receive any proceeds or value from any foreclosure.

7. Plaintiff further alleges that Defendants engaged in a pattern and practice of fraudulent conduct including but not limited to:

a.      Underwriting fraudulent mortgages;

b.      shuffling mortgages and deeds of trust through the mortgage securitization chain without following proper legal procedures like the simple act of passing along paperwork;

c.      concealing or doctoring basic facts when securitizing the mortgages and selling them to investors, large lenders and their partners on Wall Street causing them to lose billions of dollars in losses by being forced to buy back faulty mortgages, some of which have already defaulted;

d.      misleading investors who purchased mortgage-linked securities with the promise that the underlying mortgages conformed to basic underwriting standards, and that proper procedures were followed in the chain of securitization and a tax-exempt status.

8. Plaintiff submits that robo signers are illegal because fraud cannot be the basis of clear title, and foreclosures following robo signed deeds of trust purporting to transfer the mortgage and note are void as a matter of law. Clear title may not arise from a fraud (including a bona fide purchaser for value). In the case of a fraudulent transaction the law is well settled. It is well established that an instrument wholly void, such as an undelivered deed, a forged instrument, or a deed in blank, cannot serve as the basis for good title, even under the equitable doctrine of bona fide purchase. Consequently, the fact that purchaser acted in good faith in dealing with persons who apparently held legal title, is not in itself sufficient basis for relief. As a general rule that courts have power to vacate a foreclosure sale where there has been fraud in

the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties.

9. Plaintiff submits that robo signed documents are void - without any legal effect.

Certainly, Ms. Berry's Amended Complaint is not a model of clarity. However, we find that Ms. Berry's allegation of fraud stemming from an intentional misrepresentation was pled with sufficient particularity to survive a motion for judgment on the pleadings. Specifically, in paragraphs six and seven, Ms. Berry alleged that Defendants recorded her deed of trust knowing that it contained falsely-represented signatures. She claims that these false signatures prevented Defendants from obtaining a legal interest in her property, and therefore, that they have no legal right to foreclose upon it. Because her Amended Complaint alleged particular intentional misrepresentations of a material fact–that signatories possessed authority to execute the deed of trust–as well as Plaintiff's detrimental reliance upon such, we find this claim satisfies the heightened requirements of Rule 9.02. Of course, we are not at this stage deciding that her claim will ultimately succeed, only that Defendants did not demonstrate that she could not prove any set of facts that would entitle her to relief.

Having found Ms. Berry's intentional misrepresentation claim was sufficiently pled, we must now consider whether the claim was, nonetheless, correctly dismissed based upon the statute of limitations. Claims for fraud, including intentional misrepresentation, must be made within three years of the accrual of the cause of action. **Tenn. Code Ann. § 28-3-105**; *Russell v. Household Mortg. Servs.*, No. M2008-01703-COA-R3-CV, 2012 WL 2054388, at *5 (Tenn. Ct. App. June 7, 2012) (citations omitted). Defendants argue, and the trial court found, that Ms. Berry's intentional misrepresentation claim was barred because the deed of trust at issue was executed in 2004, and Ms. Berry did not file suit until 2012.

As stated above, Ms. Berry argues on appeal that her claim should not be dismissed at this juncture based upon the statute of limitations because additional discovery is necessary to determine whether the period should be tolled. We agree. "Under the discovery rule, a cause of action accrues 'when a plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered, his injury and the cause thereof.'" **Russell**, 2012 WL 2054388, at *5 (quoting *City State Bank v. Dean Witter Reynolds, Inc.*, 948 S.W.2d 729, 735 (Tenn. Ct. App. 1996)). It is at least plausible that Ms. Berry was unable to discover the alleged intentional misrepresentation until Defendants commenced foreclosure against her. Accordingly, we cannot say that she can prove no set of facts establishing a defense to the three-year statute of limitations, and therefore we conclude that the trial court erred in

dismissing her intentional misrepresentation claim on the pleadings.

With regard to Ms. Berry's remaining fraud allegations, specifically those set forth in paragraphs seven, eight and nine, however, we find the Amended Complaint fails to satisfy the requirements of Rule 9.02. Ms. Berry alleges that Defendants "engaged in a pattern and practice of fraudulent conduct[,]" including underwriting fraudulent mortgages, shuffling documents without following the requisite legal procedures, concealing/doctoring facts, and misleading investors to believe that the certain standards had been met and the appropriate legal procedures followed. However, Ms. Berry makes no allegation that these purported wrongdoings are in any way tied to *her* mortgage, and she fails to identify the actors involved in the alleged fraudulent conduct or the substance of what allegedly transpired. In paragraphs eight and nine she makes only general and conclusory statements, again, without tying these statements to *her own* mortgage. Ms. Berry's sweeping allegations are simply too broad to satisfy the requirements of Rule 9.02.

### D. *Breach of Duty of Good Faith and Fair Dealing*

Finally, we consider whether Defendants are entitled to a dismissal of Ms. Berry's claim of breach of duty of good faith and fair dealing. In her Amended Complaint, Ms. Berry set forth the claim as follows:

15. The actions of the defendants with respect to the negotiations concerning a modification, the representations made by defendants concerning the modification, the failure to agree to a modification on fair and equitable terms and the failure to follow the appropriate federal guidelines constitute a breach of the duty of good faith and fair dealing and would result in the plaintiff unjustly losing title to her home.

"In Tennessee, parties to a contract 'owe each other a duty of good faith and fair dealing as it pertains to the performance of a contract.'" *Ike v. Quantum Servicing Corp.*, No. 11-02914, 2012 WL 3727132, at *5 (W.D. Tenn. 2012) (quoting *Weese v. Wyndham Vacation Resorts*, No.: 3:07-CV-433, 2009 WL 1884058 (E.D. Tenn. June 30, 2009)). "Every contract carries with it the implied covenant of good faith and fair dealing." *Id.* (citing *Goot v. Metro. Gov't of Nashville and Davidson County*, No. M2003-02013-COA-R3-CV, 2005 WL 3031638, at *7 (Tenn. Ct. App. Nov. 9, 2005)). "The implied covenant does not, however, 'create new contractual rights or obligations, nor can it be used to circumvent or alter the specific terms of the parties' agreement.'" *Id.* (quoting *Goot*, 2005 WL 3031638, at *7). "Notably, a breach of the implied covenant of good faith and fair dealing is not an independent basis for relief, but rather 'may be an element or circumstance

of recognized torts, or breaches of contracts.'" **Weese**, 2009 WL 1884058, at \*5 (quoting *Solomon v. First Am. Nat'l Bank of Nashville*, 774 S.W.2d 935, 945 (Tenn. Ct. App. 1989)). "Thus, 'absent a valid claim for breach of contract, there is no cause of action for breach of implied covenant of good faith and fair dealing.'" **Ike**, 2012 WL 3727132, at \*5 (citing *Envoy Corp. v. Quintiles Transnat'l Corp.,* No. 3:03cv0539, 2007 WL 2173365, at \*8 (M.D. Tenn. July 26, 2007 (applying North Carolina law)).

Here, Ms. Berry bases her claim of breach of duty of good faith and fair dealing upon Defendants' failure to agree to a loan modification and upon their alleged failure to comply with HAMP. Ms. Berry has not alleged the existence of a contract requiring Defendants to restructure her mortgage in the event of a default, and, in any event, she has not alleged a breach of contract by Defendants. Without such, Ms. Berry's claim of breach of duty of good faith and fair dealing is not cognizable, and Defendants are entitled to a dismissal of the claim on the pleadings.

## IV. CONCLUSION

For the aforementioned reasons, we affirm in part and reverse in part, and we remand for further proceedings. Costs of this appeal are taxed equally to Appellees, Mortgage Electronic Registration Systems, individually and as nominee for Mortgage Lenders Network USA, and Wells Fargo Home Mortgage d/b/a American Servicing Company, and to Appellant, Chandra L. Berry, and her surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.