

**FILED**

Mar 20 2018, 9:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Peter M. Yarbro
Fred R. Hains
Hains Law Firm, LLP
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Shannon O'Connell Egan
Graydon Head & Ritchey LLP
Ft. Mitchell, Kentucky

Harry W. Cappel
Graydon Head & Ritchey LLP
Cincinnati, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas J. Feehan and Michelle
Ceuterick-Feehan,

*Appellants-Defendants*,

v.

CitiMortgage, Inc.,

*Appellee-Plaintiff*.

March 20, 2018

Court of Appeals Case No.
71A03-1710-MF-2480

Appeal from the St. Joseph Circuit
Court

The Honorable John E. Broden,
Judge

The Honorable Larry L. Ambler,
Magistrate

Trial Court Cause No.
71C01-1011-MF-617

**Brown, Judge.**

[1] Thomas J. Feehan and Michelle Ceuterick-Feehan (the "Feehans") appeal the trial court's entry of summary judgment in favor of CitiMortgage, Inc., ("CitiMortgage") and its denial of their motion to strike. We affirm.

### Facts and Procedural History

[2] In December 2002, Thomas Feehan executed a promissory note evidencing a loan from ABN AMRO Mortgage Group, Inc., ("ABN AMRO") in the original principal amount of $170,000 (the "Note"), and the Feehans executed a mortgage (the "Mortgage") in favor of ABN AMRO, granting a security interest in certain real property in St. Joseph County, Indiana, to secure repayment of the loan which was recorded with the St. Joseph County Recorder. CitiMortgage is the successor by merger to ABN AMRO. Thomas Feehan subsequently stopped making required payments under the Note. CitiMortgage sent a letter, dated September 28, 2009, to Thomas Feehan which stated that payments had not been received as required by the Note and Mortgage, that to cure the default he must pay the past due amount of $8,990.70 by October 29, 2009, and that failure to cure the default may result in the acceleration of all sums due.

[3] In November 2010, CitiMortgage filed a Complaint on Note and to Foreclose Mortgage alleging that it is the successor to ABN AMRO, that it is a person entitled to enforce the Note and is entitled to enforce the Mortgage, that default was made in the payment of the monthly installment due under the Note and Mortgage beginning on May 1, 2009, and on the first day of each month after that date, and that the outstanding principal balance of $155,245.55 together

with all accrued interest, late charges, expenses, and advances as provided in the Note had been declared to be and was immediately due and payable, and CitiMortgage requested judgment against Thomas Feehan and a decree of foreclosure with respect to the property. The court issued an Order for Settlement Conference, signed on December 20, 2010, which stated that the Feehans had requested a settlement conference, that a settlement conference was scheduled for February 3, 2011, that CitiMortgage shall advise the facilitator, not later than ten days prior to the conference, as to whether Thomas Feehan was eligible for a loan modification under the Home Affordable Modification Program ("HAMP"), and that CitiMortgage "shall have present at the settlement conference all persons with all authority needed to enter into a loan modification under HAMP and any other means by which a settlement of any type may be reached," and that only the facilitator was authorized to file reports on the results of the settlement conference. Appellants' Appendix Volume 2 at 52.

[4] In an order signed on May 17, 2013, the court stated that it had held a status hearing on that date at which the parties appeared by counsel and the facilitator appeared. The order set forth dates by which CitiMortgage was to provide the Feehans' counsel with a complete list of documents it required to complete an evaluation of the loan, by which the Feehans were required to submit the completed documentation, and by which CitiMortgage was required to advise the Feehans' counsel as to the status of its review of the loan for modification. On September 27, 2013, CitiMortgage filed a status report with the court stating

that the parties held a status conference on May 17, 2013, to discuss mortgage modification options, that attempts at modification had been unsuccessful, and that it intended to proceed with the foreclosure.

[5] The Feehans' counsel sent a letter dated February 7, 2014, to the settlement conference facilitator which stated in part that Thomas Feehan repeatedly provided the documentation and information requested by CitiMortgage; that in January 2011 CitiMortgage disclosed they were a servicer of the loan and took instructions from Federal Home Loan Bank of Chicago ("FHLBC"), an investor; that no one with decision-making authority from FHLBC attended a June 2011 settlement conference; that CitiMortgage repeatedly promised to provide proposed loan modification terms, but never came through with an offer and that CitiMortgage's attorney advised that FHLBC routinely took more than six months to make a decision on loan modifications and this appeared to be a calculated strategy. The letter also stated that a second settlement conference originally scheduled for August 1, 2011, was postponed at the suggestion of CitiMortgage's counsel as they believed there was no way FHLBC would have a response to the modification application; that Thomas Feehan resubmitted documentation and information following requests by CitiMortgage in August and September of 2011, February and July of 2012, and May 2013; that at no point has CitiMortgage attended a settlement conference with a person with authority to enter into a loan modification; and that CitiMortgage's filing of its status report with the court on September 27, 2013, was a violation of the court's December 20, 2010 order that status reports

be filed with the facilitator. The letter stated that under no standard could the actions of CitiMortgage and FHLBC be interpreted as a good faith effort at working toward a solution.

[6] In February or March 2014, CitiMortgage filed a motion for summary judgment on its complaint. On March 31, 2014, the Feehans filed a motion to strike and response to CitiMortgage's summary judgment motion together with a memorandum of law. In his affidavit, designated by the Feehans, Thomas Feehan stated in part that he and his wife had made a timely request for a settlement conference; "[m]y wife and I attended multiple attempted settlement conference with" CitiMortgage; "[h]owever, we were repeatedly told by Citimortgage's lawyers that no person with actual settlement authority was available, either in person, or by telephone or any other means, who could agree to, or offer, any settlement of any type"; CitiMortgage "made numerous and repeated demands on my wife and I to provide financial information which it claimed was necessary to make a decision on a potential modification of our mortgage"; and CitiMortgage "would repeatedly delay any decision on modification and then insist that our financial information was stale, and new financial information was required." Appellants' Appendix Volume 2 at 48-49. In their memorandum, the Feehans argued in part that, due to CitiMortgage's conduct during the settlement conference process, the court should deny it the equitable remedy of foreclosure, that CitiMortgage acted with unclean hands throughout the process, and that the court should deny CitiMortgage's motion for summary judgment.

[7]     CitiMortgage sent a letter dated March 11, 2015, to Thomas Feehan stating that he was conditionally approved for a short sale subject to further information obtained from an appraisal or title search but that it was unable to approve of his mortgage assistance request under HAMP because it serviced the loan on behalf of FHLBC, which had not given it the contractual authority to modify his loan under the program. The letter further provided that CitiMortgage could not approve a modification under the Private Supplemental Modification Program at that time because, in performing its underwriting of a potential modification, Thomas Feehan's combined housing expense-to-income ratio was outside of the acceptable range established for the program.

[8]     On July 24, 2015, the Feehans filed a supplemental response to CitiMortgage's summary judgment motion and a supporting memorandum of law. In the memorandum, the Feehans argued that CitiMortgage was required to participate in loan modification procedures under the U.S. Troubled Asset Relief Program ("TARP"), that CitiMortgage had entered into a servicer participation agreement with the Federal National Mortgage Association ("Fannie Mae") in which it consented to participate in HAMP, that the U.S. Treasury provided guidelines for servicers to determine borrowers' eligibility for loan modification, and that CitiMortgage was obligated to act in good faith to comply with the requirements of TARP and because it did not do so the court should deny its motion for summary judgment. On July 30, 2015, the court entered an order which provided that, upon request by CitiMortgage's counsel,

a summary judgment hearing scheduled for August 4, 2015, was continued indefinitely, to be rescheduled upon the request of CitiMortgage.

[9] CitiMortgage sent another letter to Thomas Feehan dated September 20, 2016, stating that he was not approved for a loan modification under HAMP because CitiMortgage serviced the loan on behalf of FHLBC which had not given CitiMortgage the contractual authority to modify his loan under the program and that he was not approved under the Private Supplemental Modification Program at that time because in performing its underwriting of a potential modification his combined housing expense-to-income ratio was outside of the acceptable range established for the program. The letter further indicated that the input values used to determine Thomas Feehan's eligibility included an unpaid principal balance of the loan, excluding any fees, of $155,245.55 and a monthly gross income of $7,967.56 and stated he had thirty days to request an appeal of the non-approval decision. CitiMortgage sent a letter to Thomas Feehan dated January 19, 2017, stating that the letter was in response to his appeal and request for reconsideration for a hardship assistance program and that CitiMortgage was unable to approve his mortgage assistance request because it serviced his loan on behalf of FHLBC which had not given it the contractual authority to modify his loan under the program.

[10] In February 2017, CitiMortgage filed a motion for leave to supplement its motion for summary judgment, and in March 2017 the court ordered that CitiMortgage's supplemental memorandum and designation of evidence be deemed filed. CitiMortgage argued in its memorandum that the Feehans did

not dispute the validity of the Note and Mortgage or the amount due under them. CitiMortgage further argued that an exception to the requirement that a participating servicer consider a mortgage loan for HAMP is if the server is "prohibited by the rules of the applicable [pooling and servicing agreement] and/or other investor servicing agreement." Appellants' Appendix Volume 2 at 100 (quoting *Making Home Affordable Program Handbook for Services of Non-GSE Mortgagees*, Version 5.1, as of May 26, 2016, Section 1.1). CitiMortgage argued that the loan in this case is a conventional non-government-sponsored enterprise ("GSE") loan with FHLBC as its investor; that the servicing guide applicable to the loan prohibits it from offering any type of loan modification, except a private supplemental modification, unless a variance is obtained from FHLBC; that Thomas Feehan did not qualify for a private supplemental modification as set forth in the servicing guide; and that it requested a variance from FHLBC of the servicing agreement prohibition against offering Feehan a modification but the request was denied by FHLBC. CitiMortgage also argued that a mortgagee's failure to comply with TARP loan modification procedures, including HAMP, does not provide a defense to foreclosure and that the procedures do not carry the force of law.

[11] CitiMortgage designated the affidavit, and all the exhibits attached to it, of a business operations analyst for CitiMortgage responsible for the loan, and the affidavit states that the loan "is a conventional non-GSE loan with [FHLBC] as its investor," that "[a]ttached hereto as *Exhibit G* is a true and accurate copy of the relevant portion of the Servicing Guide relevant to the" loan and "[t]he

Servicing Guide prohibits CitiMortgage from offering any modification other than a Private Supplemental Modification, unless a variance is obtained from [FHLBC]," that CitiMortgage reviewed Thomas Feehan's loss mitigation application to determine whether he qualified for a private supplemental modification and determined that he did not so qualify because his housing expense-to-income ratio was outside of the acceptable range for the program, and that CitiMortgage requested from FHLBC "a variance of the servicing agreement prohibition from offering Thomas J. Feehan a modification" and "[t]he request for variance was denied" by FHLBC. *Id.* at 109-110. Exhibit G, attached to the affidavit, contains portions of a servicing guide document for Participating Financial Institutions about the MPF Government MBS Program.[1]

[12] In April 2017, the Feehans filed a motion to strike CitiMortgage's summary judgment motion and all supplements arguing in part that the portion of the servicing guide to which CitiMortgage's business operations analyst points does not reference CitiMortgage or FHLBC. The Feehans also filed a supplemental response to CitiMortgage's motion for summary judgment arguing in part that CitiMortgage did not comply with the court's orders including its December 20,

---

[1] The servicing guide document states "[t]he Guides are updated and supplemented by communications to Participating Financial Institutions (PFIs), that are members of the Federal Home Loan Banks (MPF Banks) participating in the MPF Program, that are published as PFI Marketing Bulletins, PFI Notices and PFI Advisories." Appellants' Appendix Volume 2 at 141. The document provides information regarding loans eligible for a temporary loan payment modification plan for loss mitigation and loan modification processing and underwriting.

2010 order and that CitiMortgage held out the possibility of offering the Feehans a mortgage modification and forced them to submit the same documentation numerous times from 2011 through 2016 only to deny every request.

[13] In May 2017, CitiMortgage filed a combined reply memorandum in support of its motion for summary judgment and in opposition to the Feehans' motion to strike. In its reply, CitiMortgage argued in part that it has, on multiple occasions, reviewed Thomas Feehan's loss mitigation applications to determine whether he qualified for a loan modification and that he did not so qualify. It also argued that the Feehans did not provide any legal authority "to support their position that these years-old supposed violations – even if true – bar CitiMortgage's claim for foreclosure." Appellee's Appendix Volume 2 at 39.

[14] Following a hearing, the trial court denied the Feehans' motion to strike on July 19, 2017. On August 29, 2017, the court held a hearing on CitiMortgage's summary judgment motion. On September 25, 2017, the court issued a Judgment Entry and Decree of Foreclosure in which it granted CitiMortgage's motion for summary judgment, entered judgment against Thomas Feehan and in favor of CitiMortgage, granted CitiMortgage a decree of foreclosure, and ordered the sale of the property.

## *Discussion*

[15] The Feehans claim that the trial court abused its discretion in denying their motion to strike CitiMortgage's summary judgment filings and erred in entering

summary judgment in favor of CitiMortgage. A trial court has broad discretion in ruling on a motion to strike. *Lanni v. Nat'l Collegiate Athletic Ass'n*, 989 N.E.2d 791, 797 (Ind. Ct. App. 2013) (reviewing the denial of a motion to strike an affidavit attached to a summary judgment motion). When reviewing a grant or denial of a motion for summary judgment our well-settled standard of review is the same as it is for the trial court: whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* An appellate court reviewing a challenged trial court summary judgment ruling is limited to the designated evidence before the trial court, but is constrained to neither the claims and arguments presented at trial nor the rationale of the trial court ruling. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013).

[16] The Feehans assert that CitiMortgage should not have been permitted to move forward with its motion for summary judgment after repeatedly refusing to comply with court orders and that multiple settlement conferences were attempted but CitiMortgage never appeared with any person with authority to

agree to, or offer, any settlement of any type. The Feehans request this court to remand with specific instructions that CitiMortgage be ordered to appear at a settlement conference with them as previously ordered. They argue that there is a question of fact as to whether CitiMortgage acted with unclean hands toward them in its oppressive conduct during the case, including in consistently refusing to consider a modification under TARP and requiring them to repeatedly submit and resubmit the same information numerous times on the promise they could be granted a modification, and its role in causing the financial crisis and causing them to fall behind on their payments.

[17] CitiMortgage maintains that, contrary to the Feehans' assertion that it intentionally flaunted court order, it has in fact reviewed Thomas Feehan's loss mitigation applications on multiple occasions to determine whether he qualified for a loan modification, that it determined that he did not so qualify, and that at one point it conditionally approved a short sale. CitiMortgage argues that the Feehans' request for a settlement conference "is mindless form over substance" and that its representative personally attending a conference would only again advise them that they are not eligible for a loan modification. Appellee's Brief at 11. CitiMortgage contends that the Feehans do not dispute that it is the holder of the Note and the mortgagee under the Mortgage and that no payments have been made since 2009. CitiMortgage argues that the Feehans' claim that it required them to repeatedly submit modification requests is baseless and that, in fact, the Feehans continued to resubmit loss mitigation applications despite its repeated notifications that it was unable to approve a

modification of the loan. It further argues that it was prohibited from offering any modification other than a private supplemental modification for which Thomas Feehan was not eligible, that the loan modification procedures under TARP or HAMP do not provide a defense to foreclosure, and that it did not cause the Feehans' default.

[18] We observe that the Feehans do not dispute the terms of the Note and Mortgage, that CitiMortgage is the successor by merger to ABN AMRO, that Thomas Feehan defaulted on the Note and did not cure the default, or that CitiMortgage is a person entitled to enforce the Note and the mortgagee with respect to the Mortgage. Indeed, the designated evidence establishes that Thomas Feehan executed the Note in 2002 promising to repay a loan in the original amount of $170,000 to ABN AMRO and that the Feehans executed the Mortgage in favor of ABN AMRO to secure repayment of the loan, that ABN AMRO subsequently merged with CitiMortgage, and that Thomas Feehan stopped making payments as required on the Note. CitiMortgage provided Thomas Feehan with an opportunity to cure his default on the Note by paying the past-due amount, he did not do so, and CitiMortgage declared the outstanding principal balance together with interest, advances, and expenses to be due and sought to foreclose with respect to the property.

[19] As to the pre-foreclosure settlement conference, we observe that Ind. Code § 32-30-10.5-9 provides in part that a court may not issue a judgment of foreclosure until a creditor has given notice regarding a settlement conference and, if the debtor requests a conference, upon conclusion of the conference the parties are

unable to reach agreement on the terms of a foreclosure prevention agreement. The statute also provides that, if the court finds that a settlement conference would be of limited value based on the result of a prior loss mitigation effort, a settlement conference is not required. Ind. Code § 32-30-10.5-9(b). A local emergency court rule in St. Joseph County also provides for the scheduling of a settlement conference upon request. *See* Rule LR71-TR4.9-1102. The court's December 20, 2010 order stated that CitiMortgage would have present at the settlement conference all persons with all authority needed to enter into a loan modification.

[20] Even assuming a representative of CitiMortgage who had the authority to represent it in negotiating and entering into a foreclosure prevention agreement or loan modification did not attend the scheduled settlement conferences, we cannot conclude that the trial court was unable to grant summary judgment in favor of CitiMortgage or that reversal is warranted on that basis. We observe that the Feehans do not point to any terms of the Note or Mortgage, as instruments executed in 2002 by Thomas Feehan, which require the person entitled to enforce the Note or the mortgagee with respect to the Mortgage to consider, upon any default for non-payment, a loan modification on any certain terms. We further observe that the Feehans do not argue that CitiMortgage was required to agree to a particular loan modification and that CitiMortgage designated evidence establishing that it did consider loss mitigation or loan modification options and determined that the Feehans were not eligible for a loan modification.

With respect to the TARP and HAMP provisions which the Feehans reference, we note that the Feehans do not assert that the terms of any agreement CitiMortgage or ABN AMRO may have or may have had with the government or a government-sponsored entity such as Fannie Mae were incorporated into the Note or Mortgage and that they do not point to authority for the proposition that the failure of a financial institution to comply or fully comply with the guidelines may constitute a defense or affirmative defense for a borrower or mortgagor in a foreclosure action. *See Jaffri v. JPMorgan Chase Bank, N.A.*, 26 N.E.3d 635, 640 (Ind. Ct. App. 2015) ("If there was a violation of federal law with respect to Chase's handling of Jaffri's HAMP requests, that is a matter better addressed by the U.S. Treasury Department as the administrator of that program. We cannot perceive that by enacting HAMP, the federal government intended for persons rejected for HAMP assistance to have a private cause of action against the mortgage lender or servicer, unless a contract actually was entered into under HAMP. A number of cases have been decided to that effect.") (citing *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 777 (4th Cir. 2013) ("Wells Fargo's agreement with the U.S. Treasury [related to its participation in HAMP] was an agreement between the bank and the Treasury, an agreement to which Appellants were not a party and which they have no authority to enforce. Nothing about that agreement could be considered to extend legal rights to Appellants."); *Markle v. HSBC Mortg. Corp. (USA)*, 844 F. Supp. 2d 172, 180-183 (D. Mass. 2011) (holding that borrowers do not have a right to enforce their mortgage servicers' HAMP obligations and observing that the HAMP guidelines applied to the mortgage servicer through

its agreement with Fannie Mae and that the borrowers were not third-party beneficiaries of that agreement); *Clay v. First Horizon Home Loan Corp.*, 392 S.W.3d 72, 80 (Tenn. Ct. App. 2012) ("The so-called 'intended third-party beneficiary' claim, in the context of HAMP, has been considered by numerous courts around the country and has been rejected by the vast majority of them.") (collecting cases)); *see also Nachar v. PNC Bank, Nat. Ass'n*, 901 F. Supp. 2d 1012, 1019 (N.D. Ohio 2012) (observing that courts have rejected the argument that borrowers can claim third-party beneficiary status to servicer participation agreements between servicers and Fannie Mae as part of the HAMP program); RESTATEMENT (SECOND) OF CONTRACTS § 313, cmt. a (1981) ("Government contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested.").

[22] In any event, CitiMortgage designated evidence that the loan at issue "is a conventional non-GSE loan with [FHLBC] as its investor" and that the "Servicing Guide prohibits CitiMortgage from offering any modification other than a Private Supplemental Modification, unless a variance is obtained" from FHLBC. Appellants' Appendix Volume 2 at 109-110. CitiMortgage designated evidence reflecting that it had reviewed Thomas Feehan's application for loss mitigation or loan modification, that it had requested from FHLBC a variance from the servicing agreement prohibition against offering Thomas Feehan a modification and that FHLBC denied the request, and that it had determined, with respect to a private supplemental modification, that Thomas Feehan did not qualify because his housing expense-to-income ratio was outside of the

acceptable range. While Thomas Feehan may have submitted financial documents and other information at various stages in seeking a loan modification, the record indicates that CitiMortgage provided explanations as to the reasons that he was not eligible for a modification. CitiMortgage has satisfied its burden of establishing that, even if another foreclosure-prevention settlement conference was scheduled and a personal representative of CitiMortgage with the authority to enter a loan modification or make a loan modification offer was present at the conference, Thomas Feehan is not eligible for or entitled to a loan modification, a loan modification offer, or further consideration of the possible loan modification options. Based upon the designated evidence, we cannot say that the trial court abused its discretion in denying the Feehans' motion to strike or erred in entering summary judgment in favor of CitiMortgage, entering judgment against Thomas Feehan, and granting CitiMortgage a decree of foreclosure.

## *Conclusion*

[23] For the foregoing reasons, we affirm the trial court's rulings.

Affirmed.

Baker, J., and Riley, J., concur.